IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROCKY JONES, #140 813, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:09-CV-1070-MHT |
| | )                  [WO] |
| DAVE SUTTON - SHERIFF, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Rocky Jones, filed this *pro se* 42 U.S.C. § 1983 complaint on November 23, 2009 against Dave Sutton, Sheriff of Coffee County, Alabama, Chief Deputy Ronnie Whitworth, and Deputies Neil Bradley and Tony Harrison. Plaintiff complains that on December 6, 2007 Defendants subjected him to excessive force during the course of an arrest. He requests that Defendants be "dismissed" from their jobs and that he be compensated for his injuries. Doc. No. 1.

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff took advantage of the opportunity granted to file a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of such

motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants Sutton's and Whitworth's motion for summary judgment is due to be granted and that Defendants Bradley's and Harrison's motion for summary judgment is due to granted in part and denied in part.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed. R. Civ. P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended . . . to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes . . . are stylistic only." Fed. R. Civ. P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendants, as the parties seeking summary judgment, bear the initial responsibility of informing the court of the basis for their motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323. In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter . . . the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Tipton v. Bergrohr GMBH–Siegen,* 965 F .2d 994, 998–99 (11th Cir. 1992) (internal citations and quotations omitted). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff

3

is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations . . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at

322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine issue

of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff has demonstrated a genuine dispute of material fact in order to preclude entry of summary judgment on his excessive force claim against Defendants Harrison and Bradley. The remaining defendants, however, are entitled to summary judgment on the claims lodged against them.

## II. BACKGROUND

The incident made the subject of the instant action occurred on December 6, 2007. Plaintiff states that on the day in question, Defendants violently pulled him from his vehicle

and slammed him to the pavement. Plaintiff states that Defendants had no justification for their actions inasmuch as he did not resist arrest, he did not use any negative language, and he did not present a negative attitude. Doc. No. 1.

Defendants Whitworth, Bradley, and Harrison assert that on December 6, 2007 they assisted the Enterprise Police Department in a controlled drug buy operation. During this drug sting, Plaintiff sold cocaine to a undercover drug informant. Following the transaction, Plaintiff sped off at a high rate of speed away towards the City of Enterprise reaching speeds of 80 to 90 miles per hour. Law enforcement officials pursued Plaintiff in unmarked vehicles with lights and sirens activated. After a brief pursuit, Plaintiff pulled off to the side of the road. Officer Harrison stopped his vehicle with the front of his patrol car pointed towards the driver's side door of Plaintiff's vehicle. Officer Harrison then exited his vehicle, stood behind the driver's side door, and ordered Plaintiff to show his hands. Officer Harrison asserts that Plaintiff was non-compliant and kept one hand behind his head as if he were concealing something. Officer Harrison drew his gun in light of Plaintiff's failure to comply with the order that he show both of his hands and believing Plaintiff was possibly armed and reaching for a gun. Plaintiff then appeared to be sliding to the other side of his car as if to get out on the passenger side and threw something onto the floorboard. Officer Harrison told Officer Bradley to deploy his Taser. Officers Harrison and Bradley then proceeded to reach through the open window of Plaintiff's car, grabbed him by the hair, and pulled him through the open window onto the ground where he was handcuffed. Officers Harrison and Bradley

observed Plaintiff attempting to chew up something and swallow it. A law enforcement official grabbed Plaintiff's jaw and pried his mouth open. Officer Harrison then pulled from Plaintiff's mouth pieces of crack cocaine. A search warrant was obtained to have Plaintiff's stomach pumped. Doc. No. 28, Exs. E-G.

### III.  DISCUSSION

#### A. *Injunctive/Declaratory Relief*

Plaintiff is no longer incarcerated at the Coffee County Jail. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated at county jail, his requests for equitable relief have been rendered moot.

#### B. *The Excessive Force Claim*

Plaintiff files suit against Defendants alleging that they subjected him to excessive force when they pulled him from his vehicle and slammed him on the ground. He contends that Defendants used force maliciously and without justification. Defendants deny that their

actions amounted to an excessive use of force under the circumstances and assert the defense of qualified immunity. *See* Doc. Nos. 1, 28, 31, & 32.

### i. Official Capacity Claims

Plaintiff's suit against Defendants in their official capacities entitles him to no relief. A suit against a party in his or her official capacity is the same as a suit against the governmental entity that the individual employee represents. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Governmental entities may be liable when the alleged constitutional violations resulted from the execution of the policy or custom of the governmental entity. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). Plaintiff has neither alleged nor come forward with any evidence that the governmental entity that Defendants represent had a custom or policy which resulted in the wrongs asserted in the complaint. Thus, Defendants are entitled to summary judgment in their official capacities.

### ii. Individual Capacity Claims

#### a. Defendants Sutton and Whitworth

Plaintiff names Sheriff Sutton and Deputy Sheriff Whitworth as defendants. It is undisputed, however, that Defendants Sutton and Whitworth did not personally participate in the actions about which Plaintiff complains. To the extent Plaintiff names Defendants Sutton and Whitworth as defendants under the theory of *respondeat superior*, such claim

entitles him to no relief.

The law in this circuit is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). Absent vicarious liability, "each Government official . . . is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (rejecting argument that supervisor can be held personally liable under § 1983 for knowledge and acquiescence to a subordinate's unconstitutional conduct). Thus, supervisory defendants are liable only if they personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. *See also West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007). Plaintiff must present sufficient evidence of either (1) a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . facts [that] support an inference that the supervisor[s] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone,* 326 F.3d at 1360 (internal quotation marks and citations omitted) (second alteration in original). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell,* 193

F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).

Plaintiff has presented no evidence to create a genuine issue of disputed fact that Defendants Sutton and Whitworth implemented an affirmative custom or policy with respect to Plaintiff's alleged constitutional violations or that they directed subordinates to act unlawfully in this regard. The only remaining issue, therefore, is whether the conduct about which Plaintiff complains constituted a widespread abuse which was "obvious, flagrant, rampant and of continued duration" so that Defendants Sutton and Whitworth were on notice that the conditions required correcting and they failed to do so.

Plaintiff presents no evidence of widespread, obvious, flagrant or rampant problems of continuing duration in the face of which Defendants Sutton and Whitworth failed to take corrective action. The fact that the matter identified by Plaintiff occurred is insufficient to show a constitutional violation. Consequently, there is nothing before the court sufficient to establish the requisite causal connection necessary to hold Defendants Sutton and/or Whitworth responsible for Plaintiff's alleged constitutional deprivations. The court, therefore, concludes that summary judgment is due to be granted with respect to all claims against Defendants Sutton and Whitworth in their individual capacities.

### b. *Defendants Harrison and Bradley*

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate "clearly established statutory or

constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) and *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Qualified immunity is not merely a defense against liability but rather immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citation omitted). To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). The parties do not dispute that Defendants Harrison and Bradley were acting within the course and scope of their discretionary authority when the incident occurred. Plaintiff must, therefore, allege facts that, when read in a light most favorable to him, show that these Defendants are not entitled to qualified immunity. *Cottone*, 326 F.3d at 1358.

In order to satisfy his burden, Plaintiff must show two things: (1) that Defendants committed a constitutional violation and (2) that the constitutional right Defendants violated was "clearly established." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). Courts now have discretion to determine the order in which the two prongs of Plaintiff's burden of proof are analyzed. *Pearson*, 129 S.Ct. at 818-19 (Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case hand.").

With regard to Plaintiff's allegation of excessive force during the course of an arrest,

this claim is analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor,* 490 U.S. 386 (1989); *Crenshaw v. Lister*, 556 F.3d 1283, 1290 (11th Cir. 2009); *Vinyard,* 311 F.3d at 1346-47; *Lee,* 284 F.3d at 1197. A right is clearly established – and an officer cannot receive qualified immunity – if the "objectively reasonable police officer" would have realized that the conduct violated the constitution. *Davis v. Williams*, 451 F.3d 759, 762 (11th Cir. 2006).

In balancing the necessity for the use of force against an arrestee's constitutional rights, the determination of whether excessive force was used during an arrest "requires careful attention to the facts and circumstances of each particular case," while keeping in mind that "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97. With respect to determining whether the force applied was "reasonable" under the circumstances, the court examines: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; and (3) the extent of the injury inflicted upon the individual to whom the force was applied, *Vinyard,* 311 F.3d at 1347; *Lee* 284 F.3d at 1198, which usually requires an analysis of several factors including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396; *Vinyard*, 311 F.3d at 1347; *Lee*, 284 F.3d at 1197. "[T]he right to make an arrest or

investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396; *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003); *Nolin v. Isbell*, 207 F.3d 1253, 1258 n.4 (11th Cir. 2000). The reasonableness of the force used "is judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. If the force applied was reasonable under the circumstances and not excessive, the police officer has not violated any clearly established constitutional right and is entitled to summary judgment based upon qualified immunity. *Moore v. Gwinnett Cnty.,* 967 F.2d 1495, 1498 (11th Cir. 1992). While reasonable measured uses of force may be applied to effect a suspect's arrest, "gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force." *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1289 (11th Cir. 2011) ("[U]nprovoked force against a non-hostile and non-violent suspect who has not disobeyed instructions violates that suspect's rights under the Fourth Amendment."). *Cf. Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation, and thus precludes, a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment).

As explained, Plaintiff alleges Defendants pulled him out of his vehicle and threw him down on the ground during the course of his arrest. Such conduct, Plaintiff claims, amounted to an excessive use of force where he was not resisting arrest in any manner.

Plaintiff asserts in his opposition to Defendants' dispositive motion that there was no high speed chase and when he observed police behind him with their sirens and lights activated, he pulled off to the side of the road and put his hands "within the viewpoint of the approaching officers." Doc. No. 31. Plaintiff further explains that when he observed in his side view mirrors law enforcement officials approaching his car with their weapons drawn he "immediately put [his] hands up because he was scared that they would shoot [him] if [he] didn't." *See* Doc. No. 32 at 4. He states that he heard Officer Harrison screaming at him to exit the vehicle and as he was attempting to get out of his car he saw Officer Bradley approaching with a taser and then felt a jolt of electricity and "figured" he had been tased. *Id*. Defendants then pulled him out of his vehicle onto the grass at which time law enforcement officers jumped on him, held him down with their knees, and attempted to choke him to get "what they said was dope in [his] mouth" which Plaintiff contends was potato chips.[2] *Id*. Plaintiff asserts that Defendants' conduct caused serious injury to his head, neck, and back for which he sought medical treatment after his release from the county jail and claims that his injuries from the incident continue to bother him. Doc. Nos. 31, 32.

Taking Plaintiff's allegations as true, as the court must at this stage in the proceedings, and based on the factors the court must consider in evaluating his excessive force claim, Plaintiff has alleged sufficient facts to indicate that Defendants Harrison's and Bradley's use

---

[2] Attached to Plaintiff's opposition is what appears to be part of a pre-sentence report which contains details of the December 6, 2007 incident. This portion of the pre-sentence report states that law enforcement officials removed crack from Plaintiff's mouth which he had been attempting to eat. Doc. No. 32 at 2.

of force was unreasonable. *See Graham*, 490 U.S. at 390; *see also Bischoff v. Osceola Cnty.*, 222 F.3d 874, 876 (11th Cir. 2000) (holding that in a § 1983 action against the county and sheriff, it was error for the district court to resolve factual dispute and make credibility choices on material issues just by relying on reading of warring affidavits); *Fils*, 647 F.3d at 1292 ("[O]ur conclusion is driven by the stark contrast between [Plaintiff's] version of events and that of the Defendants.  At summary judgment, we must accept [Plaintiff's] version of events, and make all reasonable inferences in his favor.  At trial, credibility determinations may cause the trier of fact to discount [Plaintiff's] version of events, but we may not do so now.").  Plaintiff claims that he stopped his vehicle on the side of the road as soon as he observed signs that law enforcement officials wanted him to pull over, he immediately put his hands in the air within view of the approaching officers, that without offering any resistance and while attempting to get out of his car as ordered by Defendant Harrison, Defendant Bradley tased him on Defendant Harrison's command, both officers then forcefully pulled him by his hair through the car window and slammed him on the ground, that at no time did he pose a threat of bodily harm to the officers, and he did not have a weapon on his person.[3]  Under these facts, the alleged use of force was excessive.  *See Fils*, 647 F3d at 1289; *Hadley*, 526 F.3d at 1330; *Priester v. City of Riviera Beach, Florida,* 208

---

[3] Defendants Harrison and Bradley contend that Plaintiff was known to carry a firearm, and it is undisputed that a rifle was found in the trunk of Plaintiff's vehicle.  Doc. No. 28, Exs. E, F.  Plaintiff, however, contends that Defendants overstate an inference that he is known for carrying a weapon inasmuch as his conviction for possession of a pistol occurred in 1997 and he claims does not otherwise have a reputation for carrying a weapon.  Doc. No. 31 at 2-3.

F.3d 919 (11th Cir. 2000), *Reese v. Herbert*, 527 F.3d 1253, 1274 (11th Cir. 2008).

While the court must consider "the totality of the circumstances" and "not just a small slice of the acts that happened at the tail of the story," *Garrett v. Athens-Clarke Cnty., Ga.*, 378 F.3d 1274, 1280 (11th Cir. 2004), such consideration does not change Plaintiff's version of the facts indicating no attempt to evade police upon observing signs that he was being signaled to stop, that he was complying or attempting to comply with Defendant Harrison's orders and was not resisting and/or attempting to resist arrest or otherwise posing any threat to the officers. Thus, notwithstanding the severity of the offense Plaintiff had committed, under the circumstances he describes, Defendants Harrison and Bradley were not entitled to use any force at that time, and thus, use of a taser,[4] pulling Plaintiff through the window of his car by his hair, and throwing him to the ground was objectively unreasonable and constituted excessive force in violation of Plaintiff's Fourth Amendment rights for qualified immunity purposes. *Graham* 490 U.S. at 399.

Having determined that Defendants Harrison's and Bradley's actions in effectuating Plaintiff's arrest constituted excessive force in violation of Plaintiff's constitutional rights, the court examines whether the constitutional right violated by Defendants Harrison and Bradley was clearly established at the time of its violation. The undersigned concludes that

---

[4] The court notes Defendants' assertion that they are unaware whether Officer Bradley's taser actually made contact with Plaintiff. Plaintiff, however, states that he was tased. The court further notes that use of a taser or other weapons is not a *per se* violation of the Fourth Amendment and may be appropriate "where an officer reasonably believes the suspect is violent." *See Fils*, 647 F.3d at 1289-90.

17

it was.

A constitutional right is clearly established for qualified immunity purposes if either: (1) case law with indistinguishable facts clearly establishes the right; (2) a broad statement of principle in the Constitution, a statute, or case law provides sufficient notice that clearly establishes the right, even for cases arising out of factually different situations; or (3) the conduct is so egregious as to clearly violate a right on its face, even in the total absence of case law. *Lewis v. City of W. Palm Beach, Fla.,* 561 F.3d 1288, 1292 (11th Cir. 2009). As explained, in this circuit a gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force. *Hadley,* 526 F.3d at 1330 (citing *Lee,* 284 F.3d 1188). This principle was well established at the time of the incident in question. *See Hadley,* 526 F.3d at 1333; *Priester,* 208 F.3d at 927; *Vinyard*, 311 F.3d at 1348; *see also Skrtich,* 280 F.3d at 1303 ("By 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued . . . .").

Under the facts presented by Plaintiff, disputed issues of material fact exist regarding the need for the use of force and whether the amount of force used was appropriate. Thus, Defendants Harrison and Bradley are not entitled to qualified immunity on Plaintiff's excessive force claim, and their motion for summary judgment with respect to this claim against them in their individual capacities is due to be denied.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. No. 28) with respect to Plaintiff's constitutional claims for monetary damages lodged against them in their official capacities be GRANTED as Defendants are entitled to absolute immunity from these claims;

2.  The motion for summary judgment (Doc. No. 28) filed on behalf of Defendants Sutton and Whitworth regarding Plaintiff's claims against these defendants in the remaining aspects of their official capacities and in all aspects of their individual capacities be GRANTED;

3.  The motion for summary judgment (Doc. No. 28) filed on behalf of Defendants Harrison and Bradley with regard to the excessive force claim lodged against these Defendants in their individual capacities be DENIED; and

4.  This case be set for an evidentiary hearing on Plaintiff's excessive force claim against Defendants Harrison and Bradley.

It is further

ORDERED that on or before **May 21, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 7th day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE